UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS CHRISTENSEN,

        Plaintiff,

v.

        Case No. 3:22-cv-962-MMH-PDB

WARDEN REDDISH, et al.,

        Defendants.

## ORDER

Plaintiff Dennis Christensen, an inmate of the Florida penal system, initiated this action on September 7, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) with exhibits (Doc. 1-2).[1] In the Complaint, Christensen names Warden Reddish; B. Starling, a law librarian; Assistant Warden C. Underhill; Lieutenant B. King; and Warden Bowden as Defendants. He asserts that Defendants infringed upon his right of access to the courts when they denied him photocopies of legal materials and limited his physical access to the law library. As relief, he requests monetary damages. He

---

[1] In referencing documents filed in this case, the Court will cite the document page numbers as assigned by the Court's Electronic Case Filing System.

also asks that the Court direct that the Florida Department of Corrections (FDOC) law librarians provide copies of legal materials and that the FDOC devise "a better method" for inmates to grieve prison-related issues. Complaint at 10.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915A; 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are

---

[2] Christensen requests to proceed as a pauper. See Affidavit of Indigency (Doc. 2), filed September 7, 2022.

2

all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Christensen's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th

5

Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Christensen's Complaint is due to be dismissed pursuant to this Court's screening obligation under 28 U.S.C. § 1915A. The main thrust of the Complaint is the alleged denial of photocopies and restricted law library access. It is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); see Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). To state a claim for denial of access to the courts, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at

354 57; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010).

Preliminarily, the Court notes that Christensen cannot rely on 18 U.S.C. §§ 241 and 242 because "these sections pertain to criminal law and do not provide a civil cause of action or any civil remedies." Laster v. CareConnect Health, Inc., 852 F. App'x 476, 478 (11th Cir. 2021) (citation omitted).[4] In the Complaint, Christensen asserts that Defendants' conduct prevented him from expanding the record in Case No. 3:21-cv-722-TJC-PDB, his pending federal habeas corpus action, see Complaint at 7-8, 10, and filing federal civil rights actions related to his conditions of confinement, see id. at 8. As exhibits to the Complaint, he provides a multitude of grievances and responses related to his requests for photocopies of legal materials and law library access. See Doc. 1-2 at 1-82. In the grievance responses, Defendants advised Christensen that he must follow the FDOC procedures for access to library services, which includes submission of an inmate request for a call-out. See id. at 1, 3, 6, 7, 81. They also advised him that he was not entitled to photocopies of legal materials

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

7

because he has physical access to Lawtey Correctional Institution's law library. See id. at 13-14, 78. The grievance responses show that the FDOC scheduled Christensen for law library access, however, he was apparently disappointed when he encountered delays that sometimes amounted to several days. See generally id. Nevertheless, the grievance responses generally reflect that the FDOC granted Christensen access to the law library several times per month. See id.

The Court takes judicial notice of Christensen's federal habeas case (Case No. 3:21-cv-722-TJC-PDB) and his recently-filed civil rights action (Case No. 3:22-cv-976-MMH-JBT). Court records show that Christensen is actively pursuing his habeas corpus claims in Case No. 3:21-cv-722-TJC-PDB, and his civil rights claims in Case No. 3:22-cv-976-MMH-JBT. Notably, in Christensen's habeas corpus action, the Court denied his request to expand the record, stating that "a federal habeas court's review is limited to the record that was before the state court." Case No. 3:21-cv-722-TJC-PDB, Order (Doc. 17), filed April 21, 2022. Additionally, the Court advised Christensen that it would consider the Petition, Respondents' Response, and his Reply in rendering a decision on his claims raised in the Petition. See id., Orders (Docs. 17, 20).

Defendants' conduct, as Christensen describes in the Complaint, has not resulted in an "actual injury," as defined by the Eleventh Circuit. Christensen, like other inmates, may face delays (some of which may be caused by lockdowns or other security-related matters) concerning law library access, however, Defendants' conduct has not frustrated or impeded his ability to pursue a nonfrivolous claim in connection with a direct appeal, a collateral attack on his conviction, or in a civil rights action. Notably, Christensen has been able to actively pursue his habeas corpus and civil rights claims in this Court. The docket in Case No. 3:21-cv-722-TJC-PDB exemplifies Christensen's responsiveness to Court orders and compliance with its procedures since he filed the case on July 21, 2021.

Moreover, as to Christensen's interest in addressing any ongoing violations, he may seek such relief by initiating a grievance pursuant to the prison's administrative grievance procedures. Although the grievance process does not permit an award of monetary damages, the grievance tribunal has the authority to take responsive action. As an additional measure to provide Christensen with potential guidance, he may contact his classification officer to inquire about any concerns he may have about access to the law library and research materials.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to Christensen's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915A(b)(1).

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims or pursue other claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims or pursue other claims. In

initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $402.00 filing fee (if he does not desire to proceed as a pauper). Finally, he must sign his name on the forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 9/19
c:
Dennis O. Christensen, FDOC #150454